IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

GINGER McSWEEN and :
LARRY McSWEEN, :
 :
    Plaintiffs, :
 :
vs. : CIVIL ACTION 10-0603-CG-M
 :
NEWMAR CORPORATION, et al., :
 :
    Defendants. :

## REPORT AND RECOMMENDATION

The Motions to Dismiss (Docs. 73, 74) filed by Defendant Newmar Corporation ("Newmar") and Defendants Dometic Corporation and Dometic, LLC ("Dometic") have been referred for report and recommendation under 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2. This action was originally filed in state court and subsequently removed, and diversity jurisdiction has been invoked in this Court under 28 U.S.C. §§ 1332, 1441 (*see* Doc. 1). After consideration, it is RECOMMENDED that the motions to dismiss be granted (Docs. 73, 74).

The facts are, briefly, as follow. Plaintiffs allege in the Second Amended Complaint that on or about March 21, 2010 Plaintiff Ginger McSween ("McSween") was a passenger in a car driving in the northbound direction on the Three Mile Bridge in Pensacola, Florida (Doc. 71, p. 2). Plaintiffs allege that, at the same time, there was a recreational vehicle ("RV") built by

Newmar driving in the inside southbound lane of the Three Mile Bridge (Doc. 71, p. 3). The awning detached from the RV in the southbound lane, went into the northbound lane of traffic, crashed through the windshield of the vehicle McSween occupied, and struck and injured McSween (Doc. 71, p. 3). Plaintiffs further allege that Defendant Dometic manufactured the awning which was attached to the RV and Newmar installed the awning to the RV (Doc. 71, p. 3).

Plaintiffs originally filed this action in Alabama state court (*see* Doc. 1-1, pp. 17-36), but Defendant Dometic removed this action to federal court (*see* Doc. 1). Plaintiffs make the following claims against Defendants: strict liability, negligence, gross negligence/wantonness, breach of the Alabama Extended Manufacturer's Liability Doctrine ("AEMLD"), and loss of consortium (*see* Doc. 71).

Defendant Newmar filed a Motion to Dismiss (Doc. 73) and Defendant Dometic filed a Motion to Dismiss (Doc. 74). Both Defendants argue that all of Plaintiffs' claims against the Defendants based upon Alabama substantive law, specifically Counts X and XI breach of the AEMLD should be dismissed; they assert Florida substantive law should apply in this action (Docs. 73, 74). Defendants Newmar and Dometic reason that since the accident occurred in the state of Florida, and Alabama courts sitting in diversity apply the *lex loci delicti* rule, the

2

substantive law of Florida applies in this action (Docs. 73, 74).

Plaintiffs filed Responses to Defendant Newmar's Motion (Doc. 79) and a Response to Defendant Dometic's Motion (Doc. 80). These responses are substantially similar, if not almost identical. Plaintiffs argue that the application of Florida substantive law runs afoul of Alabama's public policy, which is an exception to the application of *lex loci delicti*; thus, the *lex loci* rule should not apply in this instance. First, Plaintiffs argue that Florida's product liability law of open-ended no-fault liability and statute of repose violates Alabama public policy since Alabama still requires a showing of fault for product liability actions, as articulated by the AEMLD (Doc. 79, pp. 3-7; Doc. 80, pp. 2-7). Second, Plaintiffs assert that the application of Florida's statute of repose also runs afoul of the Alabama constitution (Doc. 79, pp. 7-9; Doc. 80, pp. 8-9). Defendants Newmar and Dometic filed their respective replies (Docs. 81, 82).

The Court notes, initially, that "[w]hen considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'" *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (quoting *GSW, Inc. v. Long County*, 999 F.2d 1508, 1510

(11th Cir. 1993)). In order to state a claim for relief, the Federal Rules of Civil Procedure state that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). It is noted, however, that a complaint may be dismissed, under Federal Rule of Civil Procedure 12(b)(6), "on the basis of a dispositive issue of law." *Executive 100, Inc. v. Martin County*, 922 F.2d 1536, 1539 (11th Cir. 1991) (citing *Neitzke v. Williams*, 490 U.S. 319 (1989)), cert. denied, 502 U.S. 810 (1991).

"Federal courts sitting in diversity apply the forum state's choice-of-law rules." *Boardman Petroleum, Inc. v. Federated Mut. Insur. Co.*, 135 F.3d 750, 752 (11th Cir.1998). In Alabama, "[l]ex loci delicti has been the rule [ ] for almost 100 years. Under this principle, an Alabama court will determine the substantive rights of an injured party according to the law of the state where the injury occurred." *Lemley v. Midwest Automation, Inc.*, 2009 WL 1537857 *1 (S.D. Ala. May, 29 2009) citing *Fitts v. Minnesota Min. & Mfg. Co.*, 581 So.2d 819, 820 (Ala. 1991). The Eleventh Circuit has discussed the issue of whether to apply the *lex loci delicti* doctrine or not in light of policy challenges, as follows:

> the Alabama Supreme Court recognized that "[m]any authorities and courts have advocated abandoning *lex loci delicti* as a conflicts rule in products liability

4

> and other tort actions[,]" and listed the "governmental interests" test as one of several options it could also apply. Nonetheless, although the court acknowledged that the new approaches were intriguing, it adopted none of these alternative theories[.] If Alabama adopts another conflicts rule, we will apply it; otherwise we will not reinterpret Alabama's choice-of-law theories without a clear directive from its courts.

*Morris v. SSE, Inc.*, 912 F.2d 1392, 1394 (11th Cir. 1990) (citation and quotations omitted). Under the governmental test, a court must first "determine whether a true or false conflict of interests exists . . . by examining the various competing interests of the states involved with a particular issue." *Id*. at 1395. Yet Alabama state courts have continually declined to make public policy exceptions to the *lex loci delicti* rule. *See Fitts*, 581 So.2d at 823 (adhering to the *lex loci* rule and declining to make a public policy exception where Plaintiff sought damages for wrongful death from an airplane manufacturer); *Norris v. Taylor*, 460 So.2d 151 (Ala.1984); *Fitzgerald v. Austin,* 715 So.2d 795, 797 (Ala.Civ.App. 1997)(affirming the lower court decision to apply the *lex loci* rule in the context of a worker's compensation claim).

The governmental test's determination and analysis encompasses Plaintiffs' arguments in their responses where Plaintiffs urge the Court to look at Alabama's public policy and constitutional conflicts with Florida's substantive law, namely, the strict products liability law and statute of repose. Also,

5

the Plaintiffs' responses fail to cite to any products liability case where the injury occurred in Florida, where the action was before an Alabama state or federal court, and where the Alabama court did not apply Florida's substantive law due to public policy and/or constitutionality issues.

In conclusion, for the reasons set out above, the Court finds that there is no reason the rule of *lex loci delicti* should not apply in this action. Therefore, it is RECOMMENDED that Defendants Newmar and Dometic's motions to dismiss be granted (Docs. 73, 74), that Counts X and XI be specifically dismissed, and that all substantive rights of the Plaintiffs in this action be determined by Florida's substantive law.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS

AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**. Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

A party may object to a recommendation entered by a

magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within fourteen days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objection party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Transcript (applicable where proceedings tape recorded).** Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

Done this 26th day of August, 2011.

    s/BERT. W. MILLING, JR.
    UNITED STATES MAGISTRATE JUDGE